## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  | ) ) ) **CIVIL ACTION NO. 5:18-cv-01004-XR** |
| Plaintiff, | ) ) |
| v. | ) ) |
| NIX HOSPITALS SYSTEM, LLC D/B/A NIX HEALTHCARE SYSTEM, | ) ) ) ) |
| Defendant. | ) ) |

## FIRST AMENDED COMPLAINT

This is an action brought by Plaintiff, United States Equal Employment Opportunity Commission ("EEOC" or the "Commission"), under Title VII of the Civil Rights Act of 1964, as amended, by the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on sex and pregnancy and to provide appropriate relief to Carrie Andrews ("Andrews"). As alleged with greater particularity below, the EEOC alleges that Nix Hospitals System, LLC d/b/a Nix Healthcare System ("Defendant") failed to accommodate Ms. Andrews' pregnancy-related medical restrictions, which resulted in her termination, in violation of Title VII as amended by the PDA, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the PDA. Plaintiff EEOC is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a limited liability corporation doing business in the State of Texas, and the City of San Antonio, Texas and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Carrie Andrews filed a charge with the Commission alleging violations of Title VII, as amended by the PDA, by Defendant.

7. On January 5, 2018, after an investigation, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII and the PDA when it failed to accommodate Ms. Andrews' pregnancy-related medical restrictions, and terminated her, and inviting Defendant to join with the Commission to endeavor to eliminate the unlawful employment practices and provide appropriate relief through informal methods of conciliation.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On July 25, 2018, the Commission issued to Defendant a Notice of Conciliation Failure.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since on or about November 15, 2015, and thereafter until her termination on or about February 1, 2016, Defendant engaged in unlawful employment practices based on sex and pregnancy in violation of Sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1) by refusing to accommodate Ms. Andrews' pregnancy-related medical restrictions which resulted in her termination and alternatively, by rejecting Ms. Andrews' internal application for employment to fill vacant PBX Operator positions because of her pregnancy.

   a. Defendant operates a hospital as well as various medical facilities in San Antonio, Texas, including for behavioral health services.
   b. On or about June 2014, Defendant hired Carrie Andrews as a Mental Health Technician.
   c. On or about November 16, 2015, Ms. Andrews provided a doctor's note to Defendant identifying the medical restrictions due to her pregnancy, including a lifting restriction.
   d. Ms. Andrews requested that Defendant provide accommodations for her pregnancy-related medical restrictions.
   e. Defendant refused to accommodate Ms. Andrews, including by placing her into a transitional or light duty position. Defendant stated it did not provide accommodations for pregnancy-related medical restrictions because such restrictions did not result from an injury on the job or a disability.
   f. On or about November 18, 2015, Defendant placed Ms. Andrews on FMLA leave and advised she could not return to work until she presented Defendant with a medical release with no restrictions.
   g. On or about November 17, 2015, Ms. Andrews submitted to Defendant an application for open PBX Operator positions, a receptionist desk job that Ms. Andrews would be able to perform with her pregnancy-related medical restrictions and had performed on a temporary basis before her pregnancy. Defendant nonetheless refused to place Ms. Andrews into one of the at least two open PBX Operator positions.
   h. On or about January 27, 2016, Defendant informed Ms. Andrews that her FMLA leave would expire on February 1, 2016. Defendant told Ms. Andrews she needed to submit a letter of resignation. Defendant discharged or constructively discharged Ms. Andrews upon expiration of her leave.

      i.    During the relevant time period, Defendant had a policy or practice of providing light or transitional duty work or other accommodations to its employees who were injured at work or disabled, a significant percentage of its nonpregnant workers seeking accommodations. These workers, with medical restrictions including lifting limits, were similar to Ms. Andrews in their ability or inability to work.

      j.    During the relevant time period Defendant had a policy or practice of denying light or transitional duty work or other accommodations to its pregnant employees who were not injured on the job or disabled.

13. The effect of the practices complained of in paragraph 12 above has been to deprive Ms. Andrews of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female, and pregnancy.

14. The unlawful employment practices complained of in paragraph 12 above were intentional.

15. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to federally protected rights of Carrie Andrews.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, agents, servants, employees, attorneys and all persons in active concert or participation with it, from failing to accommodate employees who have pregnancy-related medical restrictions and terminating such employees because of pregnancy, or any other employment practice which discriminates on the basis of sex (pregnancy);

B.    Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, including women who are pregnant or have pregnancy-related medical restrictions;

C.    Order Defendant to make whole Carrie Andrews, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited

to reinstatement of Carrie Andrews or front pay in lieu thereof;

D.  Order the Defendant to make whole Carrie Andrews by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

E.  Order the Defendant to make whole Carrie Andrews by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial;

F.  Order Defendant to pay Carrie Andrews punitive damages for engaging in discriminatory practices with malice or reckless indifference to Ms. Andrews' federally protected rights, as described in paragraph 12 above, in an amount to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ David Rivela
*by permission of Robert Canino*

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ David Rivela
*by permission of Edward Juarez*

_____

EDWARD JUAREZ
Supervisory Trial Attorney
Texas Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

/s/ David Rivela

_____

DAVID RIVELA
Senior Trial Attorney
Texas State Bar No. 00797324
E-mail: david.rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**