FILED

AUG 2 8 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | CIVIL ACTION NO. 5:18-cv-01004-XR |
| ) | |
| NIX HOSPITALS SYSTEM, LLC D/B/A ) NIX HEALTHCARE SYSTEM, ) ) | |
| Defendant. ) ) | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and among the Plaintiff, Equal Employment Opportunity Commission ("EEOC") and the Defendant, Nix Hospitals System, LLC d/b/a Nix Healthcare System (hereinafter "Defendant") in the United States District Court for the Western District of Texas, with regard to the EEOC's Complaint filed on September 25, 2018 and amended on April 9, 2019 ("EEOC Complaint"). in Civil Action No. 5:18-cv-01004-XR. This Complaint was based upon Charge of Discrimination Number 451-2016-01760 filed by Carrie L. Andrews against Defendant.

The above-referenced Complaint alleged that Defendant engaged in unlawful employment practices at its San Antonio, Texas facilities, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"), 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1) and Title I of the Civil Rights Act of 1991, by failing to accommodate Ms. Andrews' pregnancy-related medical restrictions, which resulted in her termination. Defendant denies the allegations in the Complaint.

The EEOC and Defendant wish to settle this action, without the necessity of further litigation, and pursuant to the terms delineated in this Decree. The Decree is entered for the purpose of avoiding the expenses associated with this litigation. Prior to approving and entering into this Decree, the Court has made no findings of fact or conclusions of law as to the merits of any of the matters at issue in this case or any defenses.

NOW, THEREFORE, in consideration of the mutual promises and agreements between the Parties, as set forth herein, the sufficiency of which is hereby acknowledged, the Parties request and the Court agrees to ORDER, ADJUDGE AND DECREE as follows:

1. The Parties agree that this Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC against Defendant, venue is proper, and all administrative prerequisites to the EEOC's filing have been met.

2. The Parties agree that this Consent Decree resolves all issues raised by the EEOC in this civil action. The EEOC waives further litigation of all claims raised in the above-referenced Complaint. The EEOC will not use the Charge relating to this lawsuit as the jurisdictional basis for filing any other lawsuit or lawsuits against the Defendant, and this Decree is intended to be the complete resolution of such Charge and of this lawsuit. The EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

3. During the term of this Consent Decree, Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons acting in concert with them is enjoined from engaging in any employment practice that discriminates on the basis of pregnancy including, but not limited to, any practice or policy that results in discriminatorily failing to accommodate

employees who have pregnancy-related medical restrictions and terminating such employees because of pregnancy.

4. Within fourteen (14) days[1] of the entry of this Decree, Defendant, in full resolution of all disputes in this matter, shall pay the sum total of $40,000.00. This figure includes and separate checks shall be issued for: (a) back wages, less applicable withholdings for which a W-2 shall be issued, in the amount of $12,000.00 to Carrie L. Andrews; (b) damages recoverable under 42 U.S.C. §1981(a) of the Civil Rights Act of 1991, for which there shall be no withholdings and a form 1099 shall be issued, in the amount of $12,000.00 to Carrie L. Andrews; and (c) attorney's fees and costs incurred by Jeffrey A. Goldberg in the amount of $16,000.00, for which a form 1099 shall be issued.

Defendant shall deduct only the employee's portion of FICA and applicable federal tax withholdings from the monetary damages allocated as wages.

Payment to Carrie L. Andrews shall be mailed by certified mail to Carrie L. Andrews c/o Jeffrey A. Goldberg, 15303 Huebner Road, Bldg. 13, San Antonio, TX 78248. A copy of the settlement checks and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Eduardo Juarez, Supervisory Trial Attorney, at 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229.

5. If Defendant fails to tender payment or otherwise fails to timely comply with the terms of paragraph 4 above, Defendant shall:

    a. Pay interest at the rate calculated pursuant to 26 U.S.C. § 6621(b) for any untimely or unpaid amounts; and

    b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Defendant.

---

[1] In the event that a deadline set forth in this Consent Decree falls on a federal holiday, a Saturday, or a Sunday, that deadline will roll forward to the next day that is not a federal holiday, a Saturday, or a Sunday.

3

6. Within ninety (90) days from the entry of this Consent Decree, Defendant will revise its anti-discrimination policy that prohibits discrimination on the basis of sex, female, toprohibit any policy or practice that discriminates based on pregnancy, childbirth, or any pregnancy-related condition, in violation of Title VII. Such anti-discrimination policy shall include provisions which:

   a. Includes a definition of unlawful discrimination under the Pregnancy Discrimination Act;

   b. Prohibits any act, policy or practice that has the effect of discriminating against any employee and/or applicant for employment on the basis of sex, female, including pregnancy, childbirth, or any pregnancy-related condition, and/or any other sex-based discriminatory practices, in violation of Title VII. Specifically, that regarding work accommodations such as light duty assignments, pregnant employees will not be treated differently from employees who are similar in their ability or inability to work;

   c. Includes a statement that employees may contact the designated human resources employees to discuss and/or file complaints about Title VII discrimination;

   d. Provides for the prompt investigation of complaints of discrimination made on any protected basis prohibited by Title VII, and for prompt action, which is appropriate and effective, to remedy the discrimination;

   e. Provides for substantial and progressive discipline for violating Defendant's anti-discrimination policy up to and including discharge; and

   f. Provides that Defendant shall not take any reprisal action, in any manner whatsoever, against an employee for having opposed any employment practice made unlawful by Title VII, or for complaining of any type of unlawful discrimination, or for filing a discrimination charge, giving testimony or assistance, or participating in any lawful manner in any investigation, proceeding, hearing or action under Title VII.

7. Within one hundred twenty (120) days from the entry of this Consent Decree, Defendant shall distribute this policy to all of its current employees working in the San Antonio, Texas metro area. Defendant agrees to certify in writing to the EEOC within ten (10) days of distributing this policy to its current employees that the requirements as set forth herein have been met. During the remaining term of this Consent Decree, Defendant shall continue to provide this

policy to each employee hired to work at its facilities in the San Antonio, Texas metro area. Defendant shall certify, in writing to the EEOC, within thirty (30) days of each annual anniversary of the effective date of this Decree that Defendant has provided a copy of this policy to all employees hired during the year of that annual anniversary.

8. Defendant shall maintain a complaint procedure that is designed to encourage employees to come forward with complaints regarding violations of its policy prohibiting sex (pregnancy) discrimination. Defendant's complaint procedure shall address the requirements stated in Paragraph 6 and also provide all the following:

   a. Simple, convenient, confidential, and reliable mechanisms for reporting incidents of sex (pregnancy) discrimination;

   b. Written findings of the results of any investigation of a discrimination complaint and the remedial actions proposed and/or taken, if any; and

   c. An effective means of promptly communicating to the complaining party, in writing, the results of the investigation.

9. Within ninety (90) days from the entry of this Consent Decree, Defendant shall provide not less than one (1) hour of Title VII training to managers, supervisors and all human resources personnel, particularly Defendant's human resource officials who process and decide on work accommodations for employees working at its facilities in the San Antonio, Texas metro area. The training shall include, but is not limited to:

   a. Training on an employer's obligations under the Pregnancy Discrimination Act including: (1) to prevent discrimination against a pregnant individual because of such individual's pregnancy in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, work accommodations, and other terms, conditions, and privileges of employment; and (2) specifically regarding work accommodations such as light duty assignments, that pregnant employees with pregnancy related medical restrictions will not be treated differently from employees who are similar in their ability or inability to work;

   b. An attorney who practices labor and employment law shall conduct this training.

>All employees will be paid their normal rate of pay for training. Defendant shall bear all costs associated with this training; and

c.  Defendant shall provide to the EEOC written confirmation of its compliance with the training requirements described above within thirty (30) days of completion of this requirement each year. Defendant shall provide to the EEOC the name and contact information for the individual who provided the training, the date(s) of such training, a copy of the materials used for the training, and a copy of the registry of attendance which shall include the employee identification number and position or title of each person in attendance.

10. Within ten (10) days from the entry of this Decree, Defendant shall post a copy of the Notice attached as Exhibit A to this Decree at the facilities where Carrie L. Andrews formerly worked, in a conspicuous location easily accessible to and commonly frequented by employees. The Notice shall remain posted for the duration of the Consent Decree. Defendant shall ensure that the postings are not altered, defaced or covered by any other material. Within fifteen (15) days from the entry of this Decree, Defendant shall distribute to all current employees working at the facilities where Carrie L. Andrews formerly worked a copy of the Notice attached as Exhibit A. Within thirty (30) days of the effective date of this Decree, Defendant shall certify in writing to the EEOC the requirements of this provision have been met.

11. The EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may:

a.  Interview employees; and

b.  Examine and copy relevant documents.

The EEOC shall provide Defendant with written notice of its intent to interview employees and/or examine and copy relevant documents no fewer than fourteen (14) days prior to conducting such interviews or examining and copying such documents.

If the EEOC has reason to believe that Defendant has not complied with any term or provision of this Decree, it shall provide written notice of the alleged non-compliance before taking

any action thereon ("the Cure Notice"). The Cure Notice shall include the sections and paragraphs of this Decree alleged to be violated and a statement of the specific facts and circumstances relied upon as the basis of the EEOC's claims of non-compliance.

Defendant shall have fifteen (15) days from receipt of the Cure Notice to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The fifteen (15) day period may be extended by written agreement between the EEOC and Defendant.

If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Decree in the United States District Court for the Western District of Texas—San Antonio Division.

12. Defendant shall bear the costs associated with administering and implementing the provisions of this Consent Decree.

13. The terms of this Decree shall be binding upon the EEOC and Defendant, their respective agents, officers, employees, servants, successors, and assigns, as to the issues resolved in this civil action.

14. The duration of this Decree shall be two (2) years from the date of its entry with the Court. The Parties agree that the Court shall retain jurisdiction of this case during the term of this Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

15. Beyond any amounts to be paid in settlement referenced above, the parties to this Decree will pay to each other no additional costs or attorney fees.

16. When this Decree requires the submission by Defendant of documents or other materials to the EEOC, such documents or other materials shall be mailed to Eduardo Juarez,

Supervisory Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229. When this Decree requires written notice to Defendant from the EEOC, such notice shall be mailed to Sherry Travers, Littler Mendelson, P.C., 2001 Ross Avenue, Suite 1500, Lock Box 116, Dallas, Texas 75201-2931.

**SO ORDERED AND ENTERED** this 28th day of August, 2019.

_____
HONORABLE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

| ATTORNEYS FOR DEFENDANT | ATTORNEYS FOR PLAINTIFF |
|---|---|

*/s/ Sherry L. Travers*
Sherry L. Travers
Texas State Bar No. 00793097
E-Mail: stravers@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201-2931
Telephone: (214) 880-8148
Facsimile: (214) 722-1543

*/s/ Nicole S. LeFave by SCT w/permission*
Nicole S. LeFave
Texas State Bar No. 24085342
E-Mail: nlefave@littler.com

LITTLER MENDELSON, P.C.
100 Congress Avenue
Suite 1400
Austin, Texas 78701
Telephone: (512) 982-7250
Facsimile: (512) 982-7248

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Edward Juárez by permission of Robert A. Canino*
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

*/s/ Edward Juárez*
EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

*/s/ Philip Moss*
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

## EXHIBIT A

## NOTICE TO EMPLOYEES OF RIGHTS UNDER TITLE VII

**POLICY:** Nix Hospitals prohibits discrimination against any employee and/or applicant on the basis of sex, female, including, but not limited to, pregnancy, childbirth, or any pregnancy-related condition in violation of Title VII. It is the policy of Nix Hospitals, that discrimination is unacceptable conduct and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, and the Equal Employment Opportunity Commission's guidelines on discrimination based on sex, and to reiterate the Nix Hospitals' policy on sex-based discrimination, including pregnancy discrimination as defined by Title VII.

**SCOPE:** This policy extends to all employees of Nix Hospitals, including management, non-management, temporary and/or probationary.

**DEFINITION:** Pregnancy discrimination within the context of employment constitutes unlawful discrimination based on sex, as defined under Title VII. Pregnancy discrimination occurs when the treatment of a female applicant or employee is affected because of her "pregnancy, childbirth, or a medical condition related to pregnancy or childbirth." Some examples of pregnancy discrimination include:

- Refusing to hire a pregnant applicant;
- Firing or demoting a pregnant employee;
- Denying the same or a similar job to a pregnant employee when she returns from a pregnancy-related leave;
- Treating a pregnant employee differently than other temporarily disabled employees;
- Failing to provide work accommodations for pregnancy related medical restrictions while providing such accommodations to non-pregnant employees similar in their ability or inability to work;
- Forcing a pregnant employee to quit her job; and
- Refusing a nursing mother the right to express milk in the workplace.

This list is in no means exhaustive. There are other forms of pregnancy discrimination.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding sex based (pregnancy) discrimination. All employees are expected to read, understand, and follow Nix Hospitals' policy against sex (pregnancy) based discrimination.

10

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the alleged act as soon as possible to that person's immediate supervisor or any supervisor or manager with Nix Hospitals. Supervisors and managers who are informed of an alleged incident of discrimination must immediately notify the Human Resource Department. In addition to reporting a complaint of discrimination and/or retaliation to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission, and file a charge of employment discrimination. The address and telephone number of the EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229; 1 (866) 408-8075, 1 (800) 669-4000 OR 1 (210) 281-7610 (TTY). Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by Nix Hospitals, and/or the Human Resources Department. The investigation may include interviewing employees and supervisors at the facility, and the inspection of documents, including personnel records, and a full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees who engage in discrimination can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in discrimination against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning placed in his/her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Nix Hospitals' will not punish you for reporting sex-based (pregnancy) discrimination simply because you have made a complaint under the above guidelines.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO YEARS.

Signed this _____ day of _____, 2019.

Nix Hospitals System, LLC d/b/a
Nix Healthcare System